## Smith *vs.* Wellborn.

1. On an issue between the plaintiff in judgment and the garnishee, served pending the suit and resident in another county than the venue of the suit, the proceeding will not be dismissed, on account of the fact that the bond made by plaintiff to defendant in that suit was attested and approved in Bibb county, the venue of the suit, by the justice of the peace of Houston county, the residence of the garnishee, who issued the summons of garnishment.

2. Where the answer of the garnishee is that defendant had a note against him, but he does not know in whose hands it is, he is not discharged by such answer, so as afterwards to settle directly or indirectly with the defendant, and thus bar the garnishment proceeding.

3. The issue presented by such an answer is the question, whether the defendant held the note at the date of the service of the summons, and the proper traverse thereof is the allegation by plaintiff that he did so hold it. The garnishee's legal protection was to pay the money into court; certainly not to settle with the defendant.

4. The traverse may be, but need not be, made at the term to which the answer is made. It may be made at any time before the garnishee is legally discharged. *Banks vs. Hunt*, last term.

5. The issue to be tried by the jury was that made by the answer and traverse: did defendant have the note at the date of the summons, and was the garnishee then indebted to defendant? The verdict covers that issue.

Judgment affirmed.

April 8, 1884. (Head-notes by the court.)

JACKSON, Chief Justice.

[Wellborn brought suit in Bibb superior court against W. L. and Nancy M. Burgay and sued out a summons of garnishment for G. W. Smith, of Houston county. The affidavit was headed, "Georgia, Houston county," the bond, "Georgia, Bibb county;" both were attested by "L. J. Thomas, J. P.," who also issued the summons of garnishment, which was headed, "Georgia, Houston county." The garnishee answered on October 19, 1880, that he owed W. L. Burgay nothing, but had made to Nancy M. two notes for the payment to her of certain cotton; that they were not due, and he did not know whether she still held them or had transferred them. On October 11, 1883, he amended his answer, alleging that he was not indebted to Nancy Burgay; that the notes to her constituted all the indebtedness that ever existed, if there was any; that she had brought suit against him on them, which had been dismissed, and the time for renewal had expired; that he delivered the cotton, under the direction of Nancy M., at certain warehouses, to remain there till the termination of this litigation; that it was burned without his fault, and he has a good defence against said Nancy M. The answer charges that, after the burning of the cotton, Nancy M. Burgay and Wellborn combined to defraud the garnishee; that the former ceased to defend the suit of Wellborn, and by consent, the latter took judgment for enough to cover the notes of Smith, agreeing that only a portion of the amount should be paid to Wellborn and the balance to Mrs. Burgay; that Mrs. Burgay did not owe Wellborn. On demurrer the amended answer was stricken.

On October 11, 1883, Wellborn filed an issue or traverse to the answer, alleging that Nancy M. Burgay was the owner and holder of the notes from their date to the filing of the traverse; that Smith owed her $1,332.50 principal, as the value of the cotton specified in them; and that at the April term, 1883, he (plaintiff) obtained judgment against her.

It is unnecessary to detail the evidence. The jury found the following verdict:

"We, the jury, find that G. W. Smith is indebted to Nancy M. Burgay in the sum of thirteen hundred and thirty-two dollars and fifty cents as principal, with interest as follows, to-wit: On six hundred and seventeen dollars and fifty cents, from December 1, 1880, and interest on seven hundred and fifteen dollars and fifteen cents, ($715.15) from December 1, 1881."

The garnishee moved for a new trial, which was refused, and he excepted.]