### KELLY *v.* MURPHY & COMPANY.

LUMPKIN, J. 1. Although section 4775 of the Civil Code requires an officer, who is called on by rule nisi to show cause why he should not pay over money alleged to have been collected by him, to file an answer under oath, "taken at the time the answer is filed," yet an omission to verify the answer is a curable defect. *Neal* v. *Davis Foundry & Machine Works,* 131 *Ga.* 701 (63 S. E. 221), and cit.

2. Although rules against officers do not come within the purview of statutes regulating defaults for failure to plead at the return term of suits, but are matters governed to a considerable extent by the discretion of the court, yet where a rule nisi was issued against a justice of the peace, calling on him to show cause why he should not pay over a sum of money alleged to have been collected by him, and on the day fixed for the return of the rule an answer was filed by an attorney for the defendant, denying that he had collected the money, but it was not verified, and when the proceeding came on for a hearing some days later, and before any action had been taken by the court the respondent moved to be allowed to amend his answer by adding a verification thereto, and made an affidavit that he had been prevented from making such verification at the time when the answer was filed, on account of providential cause, it was error for the presiding judge to refuse to allow the amendment and make the rule absolute, not as a matter of discretion, but on the ground that there was no legal answer filed which could be amended. *Holcombe* v. *Dupree,* 50 *Ga.* 336. *Judgment reversed. All the Justices concur.*

DECEMBER 15, 1910.

Money rule.　Before Judge Hammond.　Richmond superior court.　October 30, 1909.

*Henry S. Jones,* for plaintiff in error.

*Milton C. Barwick* and *Isaac S. Peebles Jr.,* contra.