## 4740. LANE *v.* BRINSON.

1. Where a suit filed in the superior court is, under authority of a legislative enactment, transferred to a city court and there tried, the Court of Appeals has jurisdiction of a bill of exceptions sued out from the latter court by the losing party.

2. This court will not request the Supreme Court to pass upon the constitutionality of an act of the General Assembly, the validity of which was not brought in question in the trial court.

3. Where the record discloses that a case has been transferred to a city court under authority of a special enactment, it will be presumed, nothing to the contrary appearing, that the requirements of the act authorizing the transfer have been complied with.

4. A traverse to an attorney's answer to a money rule may be filed at any time before the rule is discharged.

5. A lien-foreclosure proceeding being in rem and in no sense a suit in personam, the lien execution can not be levied by service of summons of garnishment. Where an attorney at law procures for his client a money judgment and causes execution to be issued and placed in the hands of the levying officer, the attorney has a right to control the execution and any fund realized therefrom, for the purpose of satisfying his lien for fees. If the attorney should retain from the fund thus realized more than is due him for fees, he may be ruled by the client. The attorney can obtain no greater right against his client by foreclosing his lien and causing summons of garnishment to be served on the sheriff. The client can not thus be concluded on the question of the amount of fees due, unless he, in some manner provided by law, unsuccessfully contests the fairness of the attorney's claim.

DECIDED JUNE 10, 1913.

Rule; from city court of Millen—Judge Hill. January 25, 1913.

*W. Van Tyler,* for plaintiff.

*G. C. Dekle, James P. Brinson,* for defendant.

POTTLE, J. A rule was issued in the superior court of Jenkins county against an attorney at law requiring him to show cause why he should not pay over to his client certain moneys which it was alleged he had collected for her. The petition alleged that the at-

torney had been employed to collect a note for $289.42 upon an agreed fee of 10 per centum of the recovery; that he collected $179.15, deducted $150 for his fee, and failed to pay it over to the petitioner after a written demand as provided by the statute. The petition was filed December 6, 1911, and rule nisi issued the same day, requiring the respondent to show cause in the superior court on the second Monday in March following. On March 11 the respondent filed his answer, admitting the collection of $179.15 and averring that this sum was not sufficient to pay attorney's fees and court costs. He further averred, that in the suit on the note the defendant filed a cross-action claiming the right to recover of plaintiff the sum of $1,500; that the respondent successfully defended this cross action, and for this service the plaintiff agreed to pay $150 attorney's fees; that after the judgment on the note was obtained, the respondent foreclosed his lien for attorney's fees, and "had the same levied by garnishment on the fi. fa., then in the hands of the sheriff, who returned the fi. fa. to the court," and that after hearing the garnishment case the court ordered the fi. fa. turned over to the respondent to make the money due on the foreclosure of the attorney's lien; and it is claimed that the judgment thus rendered in the garnishment case estops the plaintiff from claiming the fund. Some time after the filing of this answer the case was transferred to the city court of Millen, under authority of the act of 1912 establishing that court, which provides that "the judge of the superior court of said [Jenkins] county may, by order, transfer to said city court all civil cases standing for trial, on the docket of the superior court of said county and which are embraced within the jurisdiction of said city court, which he may deem proper: provided both parties agree thereto." Acts 1912, pp. 245, 262. At the January term, 1913, of the city court the plaintiff in the rule traversed the answer which had been filed in the superior court, and specifically denied the allegation in reference to her agreement to pay the respondent $150 for defending the cross-action, and averred that she had employed other counsel to perform this service. She also alleged in the traverse that she had never been served with any notice of the attorney's lien, and that no such lien had been legally established. The respondent demurred to the traverse, upon the ground that it was not filed in time and presented no issue which could be passed upon by the court. The re-

·pondent also filed a motion to discharge the rule, on the ground that no issue was raised by the traverse or transferred to the city court for trial. The judge of the city court discharged the rule, upon the ground that the issues raised thereby were concluded by the judgment on the garnishment issued in the lien-foreclosure proceeding. The plaintiff excepted.

1. The case having been originally docketed in the superior court, we were in some doubt whether we could take jurisdiction of the writ of error. It was therefore ordered that the record be transmitted to the Supreme Court for such disposition as that court might deem proper. That court has sent the case back, advising that, in its opinion, the Court of Appeals should assume jurisdiction and decide the case on its merits. It becomes our duty, therefore, to deal with the questions made in the record.

2. No question is raised in the record as to the constitutionality of the act of 1912, authorizing the transfer of civil cases from the .superior court to the city court. No attack on the act was made in the trial court, and no objection to it is urged here. The jurisdiction of the Supreme Court and of the Court of Appeals is limited to the correction of errors of law in the trial courts. They have authority to determine only those questions which the record discloses were raised and passed upon in the court below. For the purposes of this case, therefore, it must be assumed that the act of 1912 is a constitutional and valid law.

3. It does not affirmatively appear from the record that the parties consented to the transfer of the case, as is required by the local act, but since the judge of the superior court passed an order of transfer, it must be assumed that the conditions imposed by the act had been met. This results from the general rule, that as to judgments of courts of general jurisdiction every presumption of regularity is to be indulged, unless the contrary affirmatively appears.

4. Attorneys at law are officers of court, and where they retain the money of their clients, after demand, they are subject to rule, as sheriffs are. Civil Code, § 4954. A verified answer of an attorney to a rule must be taken as true unless traversed. Civil Code, § 5347; *Woodward* v. *McDonald,* 116 *Ga.* 748 (42 S. E. 1030). If the answer sets forth a legal right to retain the money, and there is no traverse raising an issue for determination, the rule

should be discharged. Unless the statute requires the contrary, the traverse may be filed at any time before trial. By express enactment, the entry of an officer of court is taken as true, unless traversed at the first term after notice. Civil Code, § 5566. But in garnishment cases the statute provides generally for traversing the garnishee's answer, without providing when the traverse must be filed. Civil Code, § 5283. It has been held that the answer of a garnishee may be traversed at any time before the garnishee is discharged. *Smith* v. *Wellborn, 73 Ga.* 131. Section 5347 provides, that the movant in a money rule "may traverse the truth of such answer, in which case an issue shall be made up and tried by a jury at the same term, unless good cause of continuance be shown." There is nothing in this section which requires the traverse to be filed at the term at which the answer is filed. The requirement is merely that the case shall be tried at the term at which the traverse is filed, unless continued for good cause. The principle announced in *Smith* v. *Wellborn,* supra, is applicable, and the traverse may be filed at any time before the officer ruled is discharged. When the case was transferred to the city court its status in this respect was not changed, and any proceeding could be taken in this court which might have been had in the superior court if there had been no transfer. Rules against officers are, to some extent, governed by the discretion of the court, and do not come within the purview of statutes regulating defaults. *Kelly.* v. *Murphy,* 135 *Ga.* 515 (69 S. E. 826).

5. The answer averred that the plaintiff had agreed to pay the attorney $150 for his services in defending the cross-action which was brought by the defendant. If this had stood untraversed, the attorney was entitled to be discharged. But this averment was expressly denied in the traverse, and thus an issue of fact was raised. We are bound to assume, nothing to the contrary appearing, that the garnishment and lien-foreclosure proceedings were regular in all respects. The trial judge discharged the rule because in his opinion the right of the attorney to retain the money was settled by the judgment in the garnishment case. Had this judgment been valid, or even only voidable, the trial judge's view would have been correct. But the judgment in the garnishment case was absolutely void. The lien-foreclosure proceeding was not a suit upon which garnishment could issue. *Western* v. *Beverly,* 10 *Ga. App.*

261 (73 S. E. 404). The proceeding was in rem and in no sense an action in personam, so as to authorize a levy of the execution by service of a summons of garnishment.

The execution on the lien foreclosure was issued on the ex parte affidavit of the attorney, and the judgment in that proceeding did not conclude the plaintiff on the question of the amount due. If the execution had been properly levied and the plaintiff had unsuccessfully contested the fairness of the claim for fees, as provided by section 3366 (6) of the Civil Code, or if he, after notice, had allowed his property to be sold without filing the counter-affidavit authorized by the statute, he would have been estopped. But here there was no lawful levy, and the plaintiff was not bound to contest the question of amount due. He has never had his day in court on this question. Under section 3366 the attorney had a right to control the judgment and fi. fa. in favor of his client to satisfy his lien for fees. It would have been the duty of the sheriff to pay over the money to the attorney, who would then have been authorized to retain the amount due him for fees. By foreclosing his lien and having summons of garnishment served on the sheriff the attorney acquired no greater right against his client than he would have had if the money had been made by the sheriff and paid over to him. The court erred in discharging the rule, and the case should be submitted to a jury on the issues raised by the answer and the traverse.                    *Judgment reversed.*