*J. W. Haygood, Eldridge Cutts,* for plaintiff in error.

*Crum & Jones,* contra.

---

8206.  HENDRICKS *v.* KELLEY.

In a money-rule proceeding it is within the sound legal discretion of the
trial judge to allow a traverse to the answer to be filed at the second
term and after the trial of the case has actually begun; and his dis-
cretion will not be controlled unless manifestly abused.

DECIDED MAY 11, 1917.

Money rule; from Berrien superior court—Judge Thomas.
March 23, 1916.

*E. K. Wilcox,* for plaintiff in error.  *J. P. Knight,* contra.

BROYLES, P. J.  This was a money-rule proceeding against an
attorney, and the rule nisi required the defendant to show cause at
the March term, 1915, why he should not pay over the sums of
money alleged to have been collected, and why the rule should not
be made absolute.. The defendant not having been served prior to
the March term, an order to perfect service was granted at the
March adjourned term, 1915, and the September term, 1915, of
the court was made the return term for the hearing of the rule.
At the latter term the defendant appeared and filed a plea in
abatement and his answer to the rule. No traverse to the plea or
answer was filed by· the plaintiff, and during the March term,
1916, the case was called in its order for trial, and, both sides hav-
ing announced ready, a jury was empanelled. The plaintiff was
sworn and his examination was begun. At this point the de-
fendant objected to the introduction of any evidence in behalf of
the plaintiff, on the ground that the defendant's answer was suffi-
cient in law, and that, no traverse having been filed by the plain-
tiff, there was no issue to try; and he further moved that the rule

nisi be discharged and that the rule absolute. be refused and denied. The plaintiff's counsel then offered a traverse to the answer of the defendant, to which counsel for the defendant objected, on the ground that it came too late. The court overruled the objection, allowed the plaintiff to file the traverse, and refused to discharge the rule. To this judgment the defendant excepted.

The record shows that the answer was subscribed, sworn to, and filed on September 22, 1915. The plaintiff's traverse to the answer, which was duly verified, contained the following recitals: "It has just come to his [plaintiff's] attention that the defendant, R. A. Hendricks, has filed his answer in above-stated case, and that he has just learned the contents of said defendant's answer; that both he and his attorney at law, J. P. Knight, have carefully made search from time to time to try to find out if such answer had been filed, and if so [to] see it, but that each time they called they were told that no such paper was of file in the clerk's office in said case; that the allegations set forth in each and every paragraph of said answer of said R. A. Hendricks are untrue as therein stated, and deponent traverses the truth of the allegations as set out in each and every paragraph of said answer."

Section 5347 of the Civil Code of 1910 provides that the movant in a money rule may traverse the truth of such answer, in which case an issue shall be made up and tried by a jury at the same term, unless good cause of continuance be shown. It is well settled that this section does not require the traverse to be filed at the return term, but that it may be filed at the trial term. *Brantley* v. *Southerland,* 1 *Ga. App.* 804 (57 S. E. 960); *Melton* v. *Hicks,* 7 *Ga. App.* 462 (67 S. E. 116). In each of those cases the question involved was whether the traverse had to be filed at the first term, or could be filed at the trial term. In neither case was the question narrowed down to the point involved in the instant case, to wit: Can such a traverse, when made at the trial term, be filed after the trial of the case has actually begun? Therefore, the language in those two cases, which in effect says, that the traverse must be filed before the case is called for trial, is obiter, and not binding precedent in this case. In *Lane* v. *Brinson,* 12 *Ga. App.* 760 (4) (78 S. E. 725), it is distinctly held that "a traverse to an attorney's answer to a money rule may be filed at any time before the rule is discharged," and in the opinion

(p. 763) Judge Pottle discusses the question as follows: "By express enactment, the entry of an officer of court is taken as true, unless traversed at the first term after notice. Civil Code (1910), § 5566. But in garnishment cases the statute provides generally for traversing the garnishee's answer, without providing when the traverse must be filed. Civil Code (1910), § 5283. It has been held that the answer of a garnishee may be traversed at any time before the garnishee is discharged. *Smith* v. *Wellborn,* 73 *Ga.* 131. Section 5347 provides, that the movant in a money rule 'may traverse the truth of such answer, in which case an issue shall be made up and tried by a jury at the same term, unless good cause of continuance be shown.' There is nothing in this section which requires a traverse to be filed at the term at which the answer is filed. The requirement is merely that the case shall be tried at the term at which the traverse is filed, unless continued for good cause. The principle announced in *Smith* v. *Wellborn,* supra, is applicable, and the traverse may be filed at any time before the officer ruled is discharged."

In matters of pleading in money-rule actions the trial court has a wide discretion. *Kelly* v. *Murphy,* 135 *Ga.* 515 (69 S. E. 826).

Under the above rulings, and under all the particular facts of this caes, as disclosed by the record, it is not shown that the trial judge abused his discretion in allowing the traverse to be filed and in refusing to discharge the rule.

*Judgment affirmed. Jenkins and Bloodworth, JJ., concur.*