8139. GARRETT, sheriff, *et al. v.* COWETA FERTILIZER COMPANY.

1. It is within the sound legal discretion of the trial judge to allow a traverse to the answer to a money rule to be filed at the second term, and his discretion will not be controlled unless manifestly abused.
2. If error of the judge in charging the jury was of such a character that it could be, and was, corrected in the final order disposing of the motion for a new trial, it could not injure the plaintiff in error.

DECIDED JUNE 18, 1917.

Money rule; from Carroll superior court—Judge Freeman. June 21, 1916.

*C. E. Roop, R. D. Jackson, Griffith & Matthews,* for plaintiffs in error. *S. Holderness, Boykin & Robinson, Hall & Jones,* contra.

BLOODWORTH, J. The Coweta Fertilizer Company obtained a judgment in Carroll superior court against the Farmers Union Warehouse Company, H. N. Stipe, and a number of other individuals, for $3,500 principal, with interest and costs, and interest thereafter at eight per cent. per annum. Execution was issued thereon and was levied on land of H. N. Stipe, one of the defendants, and claim was filed for this land by one of the sons of H. N. Stipe. There is evidence to show that while this claim was pending, H. N. Stipe went to Sidney Holderness, one of the attorneys for the plaintiff, and agreed to pay the plaintiff the amount of the judgment, and then proposed to employ him and Buford Boykin, another attorney, to collect the judgment out of his codefendants, there being more than forty of them. There is also evidence that he agreed to pay Holderness and Boykin each ten per cent. for collections made on the said judgment. This agreement was denied by Stipe at the trial. Levies were made on property belonging to each of a number of the defendants, and the amount due the Coweta Fertilizer Company was reduced by collection to an amount not less than $718.81. A rule against the sheriff was answered in part as follows: "Respondent holds in his hands a statement in writing from counsel for plaintiff which shows that there has

been collected on said fi. fa. and turned over to them $4,122, which sum respondent says is more than the amount of principal, interest, and costs due on said fi. fa. Besides said sum of $4,122 admitted by plaintiff in writing, your respondent shows they received the further sum of $133 from J. M. Garrett on December 1, 1911, for which sum defendants are entitled to credit on said fi. fa., which sum, together with the $4,122 above set out, makes a sum total of $4,255 which defendant has received on said fi. fa. In answer to paragraphs 5 and 6, respondent says that, although the above sums were paid, and received by plaintiff or its counsel, plaintiff insists that there was still due the sum of $718.81. The defendants insist that said fi. fa. was paid in full. Respondent took from the defendant H. N. Stipe on July 22, 1913, the sum of $718.81 on deposit to hold him harmless against plaintiff's claim, and settled said fi. fa. in full. This sum Stipe claims as his money, and asks that respondent return the same to him, as said fi. fa. is fully paid off, not including said sum, which respondent insists is true."

This answer was traversed by the plaintiff, and certain of the defendants in fi. fa. filed an intervention in which they alleged that the fi. fa. had been fully paid off and settled in the manner set out in the sheriff's answer, and prayed that the court decree that said fi. fa. had been settled in full as against the plaintiff, and that they have judgment against the plaintiff for the amount overpaid on said fi. fa., in proportion to the payments each of the defendants had made thereon, and that said fi. fa. be transferred and assigned to them in proportion to the payments they had made thereon, in order that they might hold said fi. fa. against the other defendants therein named, for contribution. The main point of difference between the plaintiff in fi. fa. and the defendants was as to the 20 per cent. commission charged by attorneys Holderness and Boykin on a contract made with H. N. Stipe for collections made from his codefendants.

Upon the hearing of the case a verdict was rendered for the plaintiff for $718.81 principal and $210.84 interest. A motion for a new trial was made, and upon the hearing thereof an order was passed which is hereinafter set out.

1. The rule nisi served upon the sheriff required him to answer on April 17, 1914, which was during the April term of court.

The sheriff filed his answer as required by the rule. No traverse to the answer was made at that term. At the October term, 1914, the answer of the sheriff still not having been traversed, he moved to be discharged from the rule. This was refused, but the court, overruling the objection of the sheriff that it was too late for the answer to be traversed, allowed a traverse to be filed, and these rulings of the court are assigned as error in a bill of exceptions pendente lite. To the certificate to the said bill of exceptions the judge added the following: "I further certify that the case was not called in its regular order, but the attention of the court was called to it by counsel for the respondent in the rule and the motion made to discharge the respondent. Whereupon the court had S. Holderness, Esq., counsel for movant, who had charge of the case, to be called into court when he filed the traverse. Said Holderness had leave of absence from the October term, 1911, of the court, for providential cause. The rule required the sheriff to answer during the April term, 1914, on a specified day during said term, and the traverse was filed at the next term,—during the October term, 1914."

In view of the above statement, and the previous rulings of this court, there was no error in this ruling of the trial judge. No laches of plaintiff is shown. "It is expressly ruled by this court in *Brantley Co.* v. *Southerland*, 1 *Ga. App.* 804 (57 S. E. 960), that a traverse of the answer of the sheriff in response to a rule for alleged breach of duty can be filed, in the absence of laches, at any time before the case is called for trial. The facts in this case exonerate the plaintiff from any laches in filing his traverse to the sheriff's answer to the rule." *Melton* v. *Hicks*, 7 *Ga. App.* 462 (67 S. E. 116). See *Hendricks* v. *Kelly*, ante, 103 (92 S. E. 395).

2. When considered in connection with the entire charge and the following order of the court, which was complied with, there are no errors harmful to the plaintiffs in error in the excerpts from the charge of which complaint is made. The order is as follows: "Complaint is made in the amended motion for a new trial that the court intimated and expressed an opinion as to the amount the jury should find under certain circumstances. A careful inspection of the record will disclose that the total amount collected from the several defendants, as insisted by the sheriff and the plaintiffs, is the same. Both have errors in addition of the items.

The items in the sheriff's answer, correctly added, amount to $4,130. He retained, as shown by his entry of September 5, and December 3, 1912, $8 costs, leaving $4,122. The items, as insisted by plaintiff, correctly added, show $3,989. Add to this collection from J. M. Garrett, and the amount is $4,122. The amount due upon the fi. fa. after allowing the credits as claimed by plaintiff was more than $750 at the date of the last payment. The sums receipted for by the sheriff and entered on the fi. fa. by him, and paid over by him to Boykin, less $8 costs, plaintiff insists were collected as a result of the employment of Holderness & Boykin by Mr. Stipe. The entire collections on the fi. fa., plaintiff claims, were disposed of as follows:

Collected from all sources.........................$4,122.00
Paid costs and advertising..................$ 179.76
Paid fees Holderness and Boykin............   823.20
Paid plaintiff as appears by entry in fi. fa......  3,119.04

Total  .......................................$4,122.00

"It would seem, therefore, that if plaintiff could recover anything it would not be less than $718.81.

"The main controversy arose over the appropriation of $823.20 by Holderness & Boykin as fees, claiming to represent Mr. Stipe. Under the charge of the court the jury were authorized to find that if Mr. Stipe employed these attorneys and that they, representing him, in collecting from his codefendants, received their fees, and, after paying costs, applied the remainder to the fi. fa., that as to Mr. Stipe the fi. fa. would stand open and the plaintiff could proceed as to the balance against Stipe. It would seem that even though public policy might be violated by Stipe employing Mr. Holderness, one of the plaintiff's counsel, if Holderness in fact represented Stipe, that plaintiff would be required to give credit to Stipe only for such sum as Stipe's attorneys should pay, and that Stipe would be in no position to urge the contrary.

"As to the question of interest. If the sheriff in good faith, under the circumstances disclosed by the evidence, refused to advertise Stipe's land for sale, plaintiff and defendant being in dispute as to whether or not the fi. fa. was paid off, or if he occupied the position of a stakeholder, then it would seem that he was entitled to have this question submitted to a jury. Inasmuch as the court

failed to submit this question to a jury, the sheriff should have a new trial, unless the interest found by the jury be written off by the plaintiff. Also, the defendants who made payments on the fi. fa. are entitled to have their payments entered so that they can control the fi. fa. against those who paid nothing. It is therefore ordered: That if plaintiff will write off on the verdict the interest found against the sheriff, and will further file a paper to be attached to the execution and made a part thereof, showing the amount paid by each and when, and file with the clerk of Carroll superior court within ten days from this date, June 21, 1916, and write off said interest within said time and file the same with said clerk within said time, then the motion for a new trial shall be overruled. Upon failure to comply as above provided, then a new trial shall be granted."

The record shows that the plaintiff complied with the order of the court as follows: "The Coweta Fertilizer Company, through and by its attorneys, hereby agrees and does write off the interest found by the said jury, to wit: $210.84, thereby leaving the verdict to read $718.81 and making the judgment read accordingly, to wit: for $718.81. Plaintiff also files herewith a list, which is attached hereto and marked 'Exhibit A,' of all the parties who paid on said execution, the amount paid, and when paid, and plaintiff also files said list in the clerk's office, to be attached to said execution."

3. There was ample evidence that there was at least $718.81 due on the execution of the Coweta Fertilizer Company at the time the petition for the rule against the sheriff was presented.

*Judgment affirmed. Broyles, P. J., and Jenkins, J., concur.*