## 15550.  SIMS v. MARTIN.

STEPHENS, J.  1.  Where, immediately after a collision by an automobile, the owner, who was driving it, exclaimed, "It is my fault, all my fault; I was going too fast; we have got insurance and will be glad to make settlement we think is right," the entire expression, including the reference to having insurance, if made as a part of the res gestæ of the transaction, as a spontaneous and uncalculated expression, possesses probative value as tending to establish, by way of admission at the time of the collision, a negligent operation of the automobile as to speed. The realization by the owner of an automobile that he has insurance against liability for damage caused by its operation might cause him to feel secure against responsibility for such damage, and cause him to operate the automobile negligently and regardless of consequences.

2.  In this case the declaration was made immediately after the collision and while the person who had been knocked down in the street and injured as a result of the collision was still lying there, and before the owner, who was driving, had got out of the automobile.  The expression therefore was admissible as part of the res gestæ; and although the part of it with reference to insurance was expressly withdrawn by the court

from the jury, it nevertheless in fact got to the jury, and, the jury being entitled to consider the complete declaration as tending to establish negligence on the part of the defendant, there could have been no error in refusing to declare a mistrial upon the ground that the jury had been prejudiced by the admission of such testimony. This does not contravene the rule laid down by some courts, that in a suit to recover for personal injuries caused from the collision of an automobile any suggestion made in the presence of the jury at the instance of the plaintiff that the defendant is protected against responding in damages by liability insurance is highly prejudicial to the defendant and will require that a mistrial be declared. This latter rule is properly applied in cases in which such evidence has no probative value as respects any legitimate issue in the case, and possibly where its probative value is so small when compared to its prejudicial effect that fairness and justice demand its exclusion. It is hardly properly applied where the defendant himself, as in the case under consideration, injects it into the case and makes it a part of the res gestæ, and invests it with a probative value beneficial to the plaintiff.

3. Where the petition in a suit to recover damages because of personal injuries sustained by the plaintiff as the result of being knocked down by an automobile is predicated on various alleged acts of negligence of the defendant, and the plea of the defendant amounts only to a general denial of the allegations in the petition, and therefore there are no complicated issues which require minute elaboration for the enlightenment of the jury, a charge by the court that the plaintiff's right to recover is dependent upon proof of the negligence set out in the petition, and that there can be no recovery by him if his injuries were caused by his own negligence, sufficiently and fairly to the defendant states the contentions of the parties. This is true although the defendant in his plea alleges that such injuries as the plaintiff may have received were due to the plaintiff's own carelessness and negligence, since such an allegation is merely an affirmative statement to the effect that the alleged injuries were not caused by the alleged acts of negligence of the defendant. Any further charge in this respect desired by the defendant should have been specially requested.

4. Excerpts from the charge of the court are not necessarily conflicting where one of them fully states the law applicable to a certain situation and the other does so only partially. In such a case the rule that where there are conflicting portions of a charge and one contains an erroneous statement as to the law, and where it does not appear that the erroneous statement was expressly withdrawn from the jury, or that the jury was properly instructed as to the correct rule of law applicable, the charge is contradictory and the jury are not properly instructed in the law, does not apply. A charge that if "there is negligence by both parties, which is concurrent and contributes to the injury, the plaintiff is not barred, but may recover damages reduced below full compensation in proportion to the amount of default attributable to him," is not in conflict with a charge that "if both were at fault, and the fault of both contributed to and caused this injury, if the fault of the plaintiff equals that of the defendant or was greater than that of the defendant, he can not recover."

5. A request to charge which is adjusted only to certain phases of the evidence favorable to the party making the request, and which eliminates from the consideration of the jury any inference authorized from such phases of the evidence favorable to the opposite party, is not properly adjusted to the evidence and the issues thereby presented. Requests by the defendant in this case, to give certain instructions, which the court refused to give in the language requested, and which it is not necessary to quote, were subject to the above criticism and were properly refused. Moreover, the matters referred to therein were, fairly to the defendant, covered by the charge given.

6. In a suit of the kind indicated, in which the issue was simple and not complicated, a charge generally that a duty rests upon all persons to exercise ordinary care, and that there could be no recovery if the plaintiff was injured by his own negligence, instructed the jury in a manner that could not be misunderstood that a duty rested upon the plaintiff to exercise due care under all the circumstances; and it was not harmful to the defendant to refuse a request to charge that a duty rested upon both the plaintiff and the defendant, under a particular situation presented by the evidence, to exercise ordinary care to avoid a collision.

7. In such a suit, where there was evidence that the plaintiff, a few years previous to the occurrence upon which the right to recover was predicated, received certain personal injuries as a result of falling from an automobile, a failure of the court to charge specifically that in the case then being tried there could be no recovery for such former injuries was not harmful to the defendant, where the court charged that the plaintiff could only recover on the negligence alleged in the petition.

8. In a case such as the one under consideration there is no duty resting upon the plaintiff to negative his own negligence. The court therefore did not err in refusing a request to charge to this effect. *Great Cosmopolitan Shows* v. *Petty*, 7 *Ga. App.* 236-7 (66 S. E. 624) ; *Fisher Motor Car Co.* v. *Seymour*, 9 *Ga. App.* 465 (71 S. E. 764).

9. That the plaintiff, when he saw the defendant's automobile coming towards him, suddenly jumped in front of it and was injured does not conclusively and as a matter of law establish negligence on the part of the plaintiff, or that if negligent it was the proximate cause of his injury. The evidence authorized the finding that the defendant's negligence contributed proximately to this situation.

10. There is no inconsistency or conflict between a legislative act limiting the speed of an automobile to 30 miles per hour in a city and an ordinance of the city limiting such speed to 15 or 8 miles per hour under the same conditions and circumstances. The ordinance of a city penalizing a less speed than is penalized by the statute of the State is merely supplemental to the statute. The plaintiff may allege negligence either under the statute or under the ordinance, or under both.

11. Where the court specifically withdrew from the jury any evidence as to the defendant's having liability insurance, a charge upon the law relative to admissions, to the effect that if the defendant made any admissions, they should be scanned with care, was not subject to objection upon the ground that it was calculated to mislead the jury into a

consideration of the rejected evidence as to liability insurance. Nor was it vague or confusing.

12. Where various provisions of a certain statute of the State and a certain ordinance of a city were relied upon by the plaintiff in the pleadings and the evidence as being applicable to the case, a charge that if the defendant violated "a statute of the State" or "an ordinance of this city," such violation would be negligence per se, was not subject to the objection that it was vague, indefinite, and prejudicial, in that it did not specifically define the ordinance referred to, and in that it did not limit the inquiry to a particular named ordinance. The jury must necessarily have understood that the inquiry was limited to the provisions of the particular statute and to the provisions of the particular ordinance produced before them.

13. Certain language in the charge of the court, where reference is made to the amount of damages claimed by the plaintiff, states fairly and correctly the contentions of the plaintiff in this respect, and leaves to the jury the determination as to the amount of damages recoverable, if any. It is not subject to the objection that it was not adjusted to the evidence, or that it confused the jury, or that it in effect expressed an opinion on the facts.

14. The petition sufficiently, in detail, set out all the essential facts upon which the allegations of negligence were based, and the allegations of the petition were not subject to the objection that they were conclusions of the pleader.

15. The petition set out a cause of action and was not subject to any of the demurrers interposed. The evidence authorized the verdict, and there is no merit in any of the grounds of the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 14, 1925.

Action for damages; from Chatham superior court—Judge Meldrim. March 18, 1924.

*Lawrence & Abrahams,* for plaintiff in error.

*O'Byrne, Hartridge, Wright & Brennan,* contra.

