21627. SCREVEN OIL MILL v. GUYTON.

BELL, J. 1. A rule against an attorney may be heard and disposed of at the term to which it is made returnable. Civil Code (1910), §§ 4954, 5346, 5347; *Hixon* v. *Callaway*, 2 *Ga. App.* 678 (58 S. E. 1120).

2. While the movant may traverse the answer at any time before the rule is discharged, yet where the court proceeds at the first term to hear and discharge the rule upon the verified and untraversed answer of the respondent (see *Read Phosphate Co.* v. *Weichselbaum Co.*, 1 *Ga. App.* 420 (2), 58 S. E. 122), the movant can not then file a traverse and demand as a matter of right that the rule be reinstated. Even if the court may have a discretion in such a matter, the facts of the instant case do not show any abuse of such discretion, it appearing that the traverse was not filed until the second term, which was after the rule had been discharged, and that the only reason offered for a failure to file the traverse earlier, or as ground for reinstating the rule, was the fact that the movant's counsel was at the first term engaged in another court and knew that no jury would be present at that term to try any issue that might be formed by a traverse. *Brantley Co.* v. *Southerland*, 1 *Ga. App.* 804 (2) (57 S. E. 960); *Lane* v. *Brinson*, 12 *Ga. App.* 760 (4) (78 S. E. 725); *Hendricks* v. *Kelley*, 20 *Ga. App.* 103 (92 S. E. 395); *Garrett* v. *Coweta Fertilizer Co.*, 20 *Ga. App.* 343 (93 S. E. 68). The more especially is this true since the rule was brought in the city court of Springfield, as to which it is provided that the presiding judge may at a non-jury term try and dispose of all cases ripe for trial, where a jury has not been demanded. Ga. L. 1923, p. 187, § 1.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED FEBRUARY 17, 1932.

*John C. Hollingsworth,* for plaintiff.

*Don H. Clark, H. R. Tarver Jr., Clarence T. Guyton, J. W. Usher,* for defendant.