31771. WADE *v.* DRINKARD.

160

Decided November 1, 1947. Rehearing denied November 26, 1947.

Paul T. Chance, Homer Legg, Charles S. Reid, C. E. Gregory Jr., William F. Lozier, for plaintiff.

Earl Norman, for defendant.

Sutton, C. J. Clara M. Wade sued S. W. Drinkard Sr., in the Superior Court of Lincoln County, seeking to recover damages by reason of injuries alleged to have been sustained as the result of specified acts of negligence of the defendant in the operation of his automobile, which collided with the automobile owned and operated by the plaintiff's husband while the plaintiff was riding therein as a guest. The jury found in favor of the defendant, and the exception here is to the judgment overruling the plaintiff's amended motion for a new trial.

■ The plaintiff alleged in her original petition, in paragraphs 10, 11, and 12, that immediately after the accident the defend-

ant admitted to certain named persons that he was operating his automobile while under the influence of whisky; that he was solely to blame for the accident and that his insurance company would pay the plaintiff for her damage and injuries; and that the defendant was arrested by the sheriff and charged with operating an automobile while under the influence of whisky and without a driver's license. The defendant filed a written motion to purge and delete these allegations from the petition on the ground that they were irrelevant, impertinent, highly prejudicial, and consisted of the plaintiff pleading her evidence. The judge sustained the objections and entered an order directing the plaintiff to rewrite her petition so as to eliminate the objectionable matter by a specified date, or else the petition would stand dismissed. To this judgment the plaintiff excepted pendente lite and assigned error thereon in her bill of exceptions. To prevent a dismissal of her case, the plaintiff complied with said order by rewriting her petition, eliminating the objectionable matter, and the case proceeded to trial on the rewritten petition.

The plaintiff contends that the court erred in requiring her to purge her petition of the alleged objectionable matter. When the plaintiff rewrote her petition to meet the ruling of the trial judge on the motion to purge, she acquiesced in the ruling and is now estopped to question its validity. *Gregory* v. *Moore*, 70 *Ga. App.* 671 (1), 684 (29 S. E. 2d, 293). It was held in *Hefner* v. *Fulton Bag & Cotton Mills*, 37 *Ga. App.* 801 (1) (142 S. E. 303): "When the plaintiff saw fit to meet the ruling of the court by offering an amendment, she waived her right to except to the ruling, and an exception upon the ground that she was forced to amend will not be considered." Also, see *Daniel* v. *Browder-Manget Co.*, 13 *Ga. App.* 392 (4) (79 S. E. 237); *Brantley Company* v. *Southerland*, 1 *Ga. App.* 804 (57 S. E. 960); *Farrer* v. *Edwards*, 144 *Ga.* 553 (87 S. E. 777). The plaintiff in error's exception to the ruling requiring her to purge her petition will not now be considered.

■ One of the paragraphs which the defendant sought to have purged from the petition was paragraph 12. After the motion to purge had been filed, the plaintiff sought to amend her petition by striking this paragraph from the petition and substituting another in its place. In paragraph 1 of the amendment, she set

out paragraph 12 as it appeared in the original petition and then set out the proposed amended paragraph to be used in lieu thereof. The court, in passing on the amendment, ruled, in part, "to allow the allegations of paragraph 12 of plaintiff's petition to remain in the pleadings, though stricken, would nullify the order to purge. . that a part of the proposed paragraph 12 would be allowed . . if the plaintiff will redraft her amendment, eliminating all of the other objectionable parts thereof." To this ruling and judgment, the plaintiff excepted pendente lite and assigned error thereon in the bill of exceptions. The court did not err in disallowing the amendment in the form offered. The plaintiff could not acquiesce in the judgment requiring her to purge her petition of paragraph 12, and then place this paragraph back in the pleadings by an amendment, where the jury could see it. The court properly refused to allow the proposed amendment.

■ The evidence, while conflicting, is sufficient to support the verdict, and the judge did not err in overruling the general grounds of the motion for a new trial.

■ In special ground 1 of the motion, error was assigned on the ruling of the court excluding certain statements made by the plaintiff to her doctor with reference to her injuries and suffering, which statements were made some months after the accident. The doctor was allowed to testify as to the condition of the plaintiff and what he found at the time of his examination of her, but was not allowed to testify as to what the plaintiff told him with reference to her pain and suffering and the extent of her injury, on the ground that such testimony was hearsay. "The declaration of the plaintiff, made to a physician, that he felt no sensation of pain resulting from sticking a needle into his finger, does not fall within any of the exceptions to the rule as to hearsay, and was properly excluded. . . Especially was there no error in excluding declarations of the plaintiff, as to his physical symptoms and suffering, which were no part of the res gestae of the injury, when the plaintiff himself as a witness fully described the character and extent of his injuries." *Goodwyn* v. *Central of Ga. Ry. Co.*, 2 *Ga. App.* 470 (1) (58 S. E. 688). The plaintiff in the present case testified in her own behalf as to the extent of her injuries and suffering therefrom. "The higher and better

evidence is that of the person who has actual knowledge of the truth of the pain and other feelings to which ·the complaints relate." *Atlanta Street R. Co.* v. *Walker,* 93 *Ga.* 462, 467 (21 S. E. 48). Also, see *Alabama Great Southern Ry. Co.* v. *Mc-Bryar,* 65 *Ga. App.* 153, 158 (7) (15 S. E. 2d, 563); *Atlanta, Knoxville & Northern Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (11) (49 S. E. 818). The court did not err in excluding the testimony and in overruling special ground 1 of the motion for a new trial.

■ Special grounds 2 and 3 of the motion assigned error on the exclusion by the court of the testimony of a witness for the plaintiff, that, "I was present then and heard Mr. Drinkard talking, I heard him say that he thought the accident was his fault and that he had some insurance and he asked someone to write his address down on that paper, that paper is what was written down at the time and is as follows: 'Mr. S. W. Drinkard, Sr., Lincolnton, Ga.—A-608839, Hartford Accident and Indemnity Company—0,91451'," and the exclusion of the writing which another witness testified she wrote from an identification card furnished by the defendant from his pocketbook at the scene of the accident. The only objection made to this testimony was that it was not part of the res gestae and was hearsay. It appeared that the conversation with Mr. Drinkard took place "about 30 minutes after the accident happened. . . All of the people were still there . . and Dr. Wade had not even got out of his car." It appeared from the testimony of the defendant that he gave the identification card to the witness and she wrote down the information; that he gave her the card at her request; "as to what my reason for giving her all of this information if I didn't feel that I was liable for the accident, well, my name—I have a peculiar name, and a lot of people cannot understand what it is at first and think I am joking with them, and the only identification card that I had is the one she copied that from. I didn't know she was copying 'anything but my name and address. She copied it from some records I gave her, a card I handed her, an identification card that I had in my bill folder." When the defendant handed the witness a card and told her to get the information from the card, it was just as if he had made the statement to her set out on the card. The written statement of the witness was not offered to prove the existence of the card,

which the defendant carried in his pocketbook, but it was introduced as a statement made by the defendant at the time and under the circumstances above set out. Irrespective of whether or not the statement was admissible as a part of the res gestae, the statement, that the defendant thought the accident was his fault and that he was insured and for someone to write down his name and address, was admissible as an admission of a party to a case against his interest, and it was not subject to the objection raised against it. The testimony as to what the defendant told or said in the presence of the witnesses was obviously not hearsay as against such defendant. *Columbian Peanut Co.* v. *Pope,* 69 *Ga. App.* 26, 29 (24 S. E. 2d, 710). It was held in *Rentz* v. *Collins,* 51 *Ga. App.* 782 (2) (181 S. E. 678): "Upon the trial of a suit in which the plaintiff alleged that she suffered personal injuries as a result of negligent operation by the defendant of an automobile in which the plaintiff was traveling, which caused a collision between it and another automobile, a statement afterward made by the defendant to the plaintiff that he wanted her to have all the treatment and attention necessary, and would pay for such, and would probably pay something extra to her on account of her suffering, was relevant and admissible as tending to show admission of liability." It is provided by the Code, § 38-403, that "the admission by a party to the record shall be admissible in evidence when offered by the other side," except in certain specified instances none of which is applicable here. It was held in *Lumpkin* v. *American Surety Co.,* 69 *Ga. App.* 887, 899 (27 S. E. 2d, 412): "Oral admissions of a party are competent evidence against him."

The defendant contends in his brief filed in this court that the evidence was inadmissible because it referred to insurance and was not made as a part of the res gestae of the transaction. It is well-settled law in this State that the mere fact that an insurance company is mentioned during the trial of a case by evidence that is otherwise competent and admissible, does not make the evidence inadmissible or its admission error. *Heinz* v. *Backus,* 34 *Ga. App.* 203 (2b) (128 S. E. 915); *Sims* v. *Martin,* 33 *Ga. App.* 486 (126 S. E. 872); *Goldstein* v. *Johnson,* 64 *Ga. App.* 31, 35 (12 S. E. 2d, 92); *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544, 549 (174 S. E. 131). Also, see in this connection, *Barbre* v.

*Scott,* 75 *Ga. App.* 524 (43 S. E. 2d, 760). The mere fact that the defendant had some insurance did not render him immune from having his admission used against him, and if, in the statement made by the defendant or conversation in which he indulged, which tended to show an admission by him that he thought the accident was his fault, it appears as a part thereof that he stated he "had some insurance," he has only himself to blame in making the statement with reference to the insurance he claimed he had. The objection by the defendant was to the entire statement of the witness, which tended to show an admission by the defendant and the circumstances under which the admission was made. But even if the motion had been directed only against that part of the statement with reference to the claim of the defendant that he had insurance, the objection would not have been legally sustainable. The statement that he had insurance was an inextricable part of the admission against interest, and the entire admission was admissible in evidence against the defendant, when offered by the plaintiff in this case. It was held in Albert *v.* Maher Bros. Transfer Co., 215 Iowa, 197, 214 (243 N. W. 561): "A party to a lawsuit has the right to bring forth all relevant, material, and competent facts. Although such material, relevant and competent facts include the suggestion that one party carries insurance, the rule is not changed. Error arises only when a party intentionally brings before the jury on an immaterial or irrelevant matter the fact that the opposite party carries insurance." And it was held in Stilson *v.* Ellis, 208 Iowa, 1157 (225 N. W. 346): "Admissions against interest are such even though they may embody information concerning insurance carried by the declarant." In the present case, the defendant testified in his own behalf and denied making the statement to the witness that he thought the accident was his fault. It was said in Garvey v. Ladd (Mo. App.), 266 S. W. 727: "It will be observed, from what we have heretofore stated as occuring at the trial, that there was a conflict between the parties' testimony as to whether defendant admitted he was to blame, plaintiff insisting that he did admit it, and defendant denying that he did. It was a vital matter whether defendant, at the time of the collision, recognized his liability and admitted that he was to blame. Would not the

fact that, as he handed his identification card to the plaintiff, he said 'I am insured,' be a strong corroborative fact in support of plaintiff's version of what occurred. Plaintiff's bare, unsupported statement that defendant admitted he was to blame might appear extremely unreasonable, but it would not appear to be so unreasonable if it appeared, in connection with that statement, that defendant said, 'I am insured.' "

Moreover, it does not appear from the record in this case that any objection was urged against the testimony at the time it was offered on the ground that it referred to insurance and was prejudicial to the defendant for that reason, but this ground of objection is raised for the first time by the defendant in his brief filed in this court. "Questions not made in the record can not be considered by this court, although argued and insisted upon." *Pritchett* v. *Payne*, 194 *Ga.* 84 (1) (20 S. E. 2d, 765), and citations. .

The evidence excluded was competent and relevant to the issues on trial and was not subject to the objection raised against it, and the court erred in excluding the evidence and in overruling special grounds 2 and 3 of the motion.

■ It does not appear that the failure on the part of the defendant to have a proper driver's license at the time of the accident had any causal relation to the injuries alleged to have been sustained by the plaintiff, and the judge did not err in excluding the testimony, "He (the defendant) had an old driver's license, an improper driver's license," as complained of in special ground 4 of the motion for a new trial. *Aycock* v. *Peaslee-Gaulbert Paint &c. Co.*, 60 *Ga. App.* 897 (1) (5 S. E. 2d, 598) ; *Georgia Power Co.* v. *Jones*, 54 *Ga. App.* 578, 587 (188 S. E. 566).

■ In special ground 5 of the motion complaint is made that the court erred in charging the jury to the effect, that if they found that a reasonably prudent person situated as the plaintiff was could have avoided the injury, they should find for the defendant, but if they found that the defendant was negligent in one or more of the ways alleged in the petition and as a result thereof the plaintiff was injured and that a reasonably prudent person situated as the plaintiff was could not have avoided the injury and damage, they would be authorized to find for the plaintiff. The plaintiff contends that the charge was not author-

ized by the pleadings and the evidence and that it tended to confuse and mislead the jury.

The plaintiff was riding as a guest in the automobile owned and operated by her husband at the time of the accident, and it does not appear that she had or assumed any right to control, direct, or govern the automobile, or that she and her husband were engaged in a joint enterprise at the time. It does not appear from the evidence that the plaintiff brought about her injury by any act or omission to act on her part. "In an action for damages, it was error for the court to charge the jury that if the plaintiff, who was riding with her husband in his automobile, could have prevented the injuries to herself by the exercise of ordinary care she could not recover, where there was no evidence authorizing a finding that she had been in any way negligent." *Bellamy* v. *Georgia Power Co.*, 67 *Ga. App.* 569 (1) (21 S. E. 2d, 294). Also, see in this connection, *Granger* v. *National Convoy & Trucking Co.*, 62 *Ga. App.* 294, 296 (4) (7 S. E. 2d, 915). The charge here complained of was not authorized by the evidence and tended to confuse and mislead the jury, and the court erred in giving the charge and in overruling special ground 5 of the motion.

For the reasons given in divisions 5 and 7 of this opinion, the judge erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Felton and Parker, JJ., concur.*