### 46203.   McDUFFIE COUNTY et al. v. ROGERS.

QUILLIAN, Judge. The plaintiff, appellee here, filed a claim against the defendant for damages which resulted when the plaintiff's automobile was struck from the rear by an automobile driven by the defendant. The jury returned a verdict for the plaintiff. The defendant appealed and the case is here for review. *Held:*

1. The defendant contends the trial judge erred in failing to grant a mistrial and in allowing the plaintiff to testify that the defendant told her "to go to the doctor that he had insurance to take care of it." The plaintiff testified that the defendant made the statement to her immediately after the collision occurred. The defendant's statement was admissible as part of the res gestae. *Code* § 38-305.

2. The defendant argues that a mistrial should have been granted because Dr. Maxwell, a witness for the plaintiff, testified that she told him that an insurance adjuster had upset her. The trial judge ruled the testimony out and instructed the jury to disregard the statement made by the witness. The failure to

grant the mistrial was not error. See *Wallace v. Cates,* 120 Ga. App. 228, 229 (170 SE2d 40).

3. The defendant contends that the trial judge erred in instructing the jury as to "permanent impairment of earning capacity." A charge is authorized on this subject when "there is evidence of the plaintiff's earnings before the injury, the amount and nature of her work, the percentage of disability resulting from the injury, and the manner in which her earning capacity has been decreased as a result." *Jones v. Hutchins,* 101 Ga. App. 141 (2) (113 SE2d 475). See also *Southern R. Co. v. Daniell,* 102 Ga. App. 414, 422 (116 SE2d 529); *Hunt v. Williams,* 104 Ga. App. 442, 449 (122 SE2d 149). While there was medical evidence in regard to the plaintiff's injuries there was no testimony as to the percentage of her disability resulting from the injury. Therefore, the giving of the charge was error.

The plaintiff argues that there was evidence of number of days she had missed from work as well as the difference in what she had been able to earn before and after the collision. While it is true there was such evidence, we can not agree that this would be sufficient to prove the percentage of disability resulting from the injury.

4. The remaining enumerations of error are not likely to occur on the retrial of the case and are not therefore ruled upon.

*Judgment reversed. Jordan, P. J., concurs. Evans, J., concurs specially.*

ARGUED MAY 6, 1971—DECIDED SEPTEMBER 13, 1971.

*Knox & Evans, Warren D. Evans, William M. Wheeler,* for appellants.

*Albert H. Dallas, Sanders, Hester, Holley, Ashmore & Boozer, Thomas R. Burnside, Jr., Fred K. Harvey, Jr.,* for appellee.

EVANS, Judge, concurring specially. I concur specially in Headnote 1. In my judgment, the statement by the defendant to the plaintiff following the collision: "to go to the doctor that he [defendant] had insurance to take care of it" was not only admissible as a part of the res gestae, but was also admissible as a statement or admission against interest. Unless defendant was

going to pay the doctor's bill, it was not within his province to direct the plaintiff to go and see a doctor; further, unless he was negligent, and therefore liable, his liability insurance would not "take care of it." *Sims v. Martin,* 33 Ga. App. 486 (1) (126 SE 872); *Rentz v. Collins,* 51 Ga. App. 782 (2) (181 SE 678); *Wade v. Drinkard,* 76 Ga. App. 159 (5) (45 SE2d 231); *Young v. Carter,* 121 Ga. App. 191, 192 (173 SE2d 259); *Harper v. Plunkett,* 122 Ga. App. 63, 65 (176 SE2d 187).

I concur in the remainder of the judgment reversing this case, reluctantly. This case is from my home county and the parties are well known to me. After a trial by jury, verdicts should ordinarily not be disturbed. But the error of the trial judge in charging the jury on "permanent injuries" as is discussed in Headnote 3 is so plain and palpable that I am compelled to agree that the judgment should be reversed.