Maude LANHAM, et al.,
Plaintiffs-Appellants,

v.

Tom WHITFIELD, individually and as
Sheriff of Columbia County, Georgia,
et al., Defendants-Appellees.

No. 85–8944.

United States Court of Appeals,
Eleventh Circuit.

Dec. 9, 1986.

Stanley G. Jackson, Augusta, Ga., for plaintiffs-appellants.

Charles E. Carter, Associate General Counsel, NAACP, Brooklyn, N.Y., for amicus curiae—NAACP.

G. Larry Bonner, Augusta, Ga., for Whitfield, et al.

Michael W. Millians, James B. Wall, Augusta, Ga., for Griffen.

Before VANCE and EDMONDSON, Circuit Judges, and ALLGOOD *, Senior District Judge.

ALLGOOD, Senior District Judge:

This case involves an appeal from a verdict in favor of the defendants.

The appellants originally filed their action against defendants in the United

* Honorable Clarence W. Allgood, Senior U.S. District Judge, Northern District of Alabama, sitting by designation.

States District Court for the Southern District of Georgia. After presentation of all the evidence, the trial court granted a directed verdict in favor of John Griffin in his official capacity. The jury rendered a verdict in favor of all remaining defendants. An appeal is now properly before this court.

On the evening of September 4, 1982, a party was held at the residence of Terry Curry. An estimated fifty to one hundred people were attending, and a disc jockey set up a stereo in Curry's yard to play music. In response to complaints of loud music and noise, Columbia County deputies Charles Crider and Mike Newsome were dispatched to the Curry residence. These deputies contacted Lt. McCoy of the Columbia County Sheriff's Department, who then contacted Sheriff Whitfield.

John Griffin, Harlem Police Chief, and his men were summoned. Chief Griffin and Sheriff Whitfield drove by the Curry residence several times, and the Sheriff decided to go in and disperse the party. Tom Kelley, of the Grovetown Police Department, got into a struggle with Terry Curry. Several individuals got into a struggle with Joe Martin of the Columbia County Sheriff's office, whose pistol became dislodged and discharged. As a result of the gunshot, Willie Bell Curry and Maude Lanham were injured. They, along with Maude's husband, Michael Lanham, have brought this suit.

The first issue to be determined on appeal is whether the trial court abused its discretion in denying the appellants' motion for a new trial. This case presents a situation in which many facts were in dispute. The court in *King v. Ford Motor Co.*, 597 F.2d 436 (11th Cir.1979) stated that "it is the function of the jury as a traditional finder of facts, and not the court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses." *Id.* at 439. However, in *William v. City of Valdosta*, 689 F.2d 964 (11th Cir.1982), the

court stated that, in a motion for a new trial, the judge is free to weigh the evidence. In the present case, the judge determined that a new trial should not be granted. This determination may be reversed only upon a showing that the trial court abused its discretion in denying the new trial. *See, Brown v. Arlen Management Corporation*, 663 F.2d 575 (5th Cir. 1981). The trial court's determination that the plaintiff's motion for a new trial is without any sound ground or basis does not represent an abuse of discretion and is therefore affirmed.

The next issue before this court is whether the trial court abused its discretion in refusing to allow evidence of the litigation between Phil Kent and Tom Whitfield to be admitted at trial. Appellants contend that the evidence should be admitted under Federal Rules of Evidence 404(b):

Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

■ In *United States v. Beechum*, 582 F.2d 898 (5th Cir.1978), the court described Rule 404(b) as involving a two-step process. "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." *Id.* at 911. The trial court reviewed the evidence, and ruled that while the evidence was relevant to the present litigation, and therefore probative, the prejudicial effect of the evidence outweighed its probative value. According to *United States v. Terebecki*, 692 F.2d 1345 (11th Cir.1982), "... [t]he trial court has broad discretion in determining the admissibility of evidence, and its ruling will not be disturbed on appeal absent a clear showing of an abuse

of discretion." *Id.* at 1350. Pointing to the prospects of confusion of the issues and of misleading the jury, and to the substantial prejudice to other defendants and considerable prejudice to Mr. Whitfield, the trial court disallowed admission of the evidence. This was not an abuse of discretion by the trial court that should be disturbed here.

■ The appellants further contend that the trial court abused its discretion in limiting the cross-examination of Tom Whitfield and John Griffin, and in excluding the impeachment evidence of Phil Kent, Martha Trotter and Charles Grider. For the same reasons stated in the prior issue, this evidence was properly excluded, and relying upon *Terebecki*, this ruling will not be disturbed.

■ The next issue on appeal is whether the trial court abused its discretion in denying the appellants' motion for a new trial, based on an alleged improper closing statement. In the court's instructions, the jury was told to disregard anything they had heard concerning the subject of attorneys' fees or court costs. Because of these curative instructions, there was no abuse of discretion by the trial court in denying a motion for a new trial. *See, Warren v. Ford Motor Credit Company*, 693 F.2d 1373 (11th Cir.1982). See also *Beason v. Brock and Blevins, Inc.*, 494 F.2d 516 (5th Cir.1974), *Har-Pen Truck Lines, Inc. v. Mills*, 378 F.2d 705 (5th Cir.1967).

■ The appellants further argue on appeal that the court erred in instructing the jury to disregard evidence of future earnings. Because there was no evidence at trial of any permanent disability on the part of any of the plaintiffs, the evidence of future earnings was properly excluded. *See, McDuffie County v. Rogers*, 124 Ga. App. 442, 184 S.E.2d 46 (1971).

■ The next issue on appeal is whether the trial court erred in directing a verdict for Sheriff Griffin in his official capacity. The Government, as an entity, is only responsible under § 1983 if the execution of the Government's policy or custom inflicts

the injury. *Monell v. Department of Social Services of the City of New York, et al.,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Because there is no evidence that an established custom or policy resulted in the appellants' injuries, the directed verdict for Sheriff Griffin in his official capacity was not error.

The final issue before this court is whether the trial court abused its discretion in failing to allow appellant Curry to proceed in forma pauperis. There is evidence that Willie Bell Curry had a long history of gainful employment, and evidence that she received money for keeping children. Therefore, the petition was properly denied.

For the aforestated reasons, the decision of the trial court is affirmed.

AFFIRMED.