[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16298
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-61562-CV-TEB

HARRY L. DANOW,

Plaintiff-Appellee,

versus

DAVID E. BORACK,

Defendant,

THE LAW OFFICE OF
DAVID E. BORACK, P.A.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 10, 2009)

Before HULL, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

The Law Office of David E. Borack, P.A. (the "Law Office") appeals from the final judgment entered against it following a jury verdict in favor of Plaintiff Harry L. Danow on his claim that the Law Office violated the Fair Debt Collection Practices Act ("FDCPA") by contacting him at an inconvenient location after he sent the Law Office a cease communications letter. 15 U.S.C. § 1692c(a)(1). On appeal, the Law Office argues that: (1) the district court abused its discretion by overruling an objection to prejudicial remarks by Danow's counsel during closing argument, and in turn, improperly denied the Law Office's motions for a new trial and judgment notwithstanding the verdict ("JNOV") on these same grounds; and (2) the district court erred by denying the Law Office's pre-trial motion for summary judgment. After careful review, we affirm.

A district court has wide discretion to regulate the scope of counsel's arguments. Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1282 (11th Cir. 2008). "[A]bsent an abuse of discretion, the decision of the trial court, which has had the opportunity to hear the offensive remarks within the context of the argument and to view their effect on the jury, should not be disturbed." Allstate Insurance Co. v. James, 845 F.2d 315, 318 (11th Cir. 1988). We also review the denial of a motion for a new trial on the ground of improper opening or closing arguments by counsel for abuse of discretion. Lanham v. Whitfield, 805 F.2d 970,

2

972 (11th Cir. 1986). We review <u>de novo</u> the district court's disposition of a motion for JNOV, reviewing "all the evidence, and the inferences drawn therefrom, in the light most favorable to the nonmoving party," and recognizing that "if there is substantial evidence opposed to the motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions, then such a motion was due to be denied and the case was properly submitted to the jury." <u>Carter v. City of Miami</u>, 870 F.2d 578, 581 (11th Cir. 1989). Finally, "[w]e review the trial court's grant or denial of a motion for summary judgment <u>de novo</u>, viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party." <u>Patton v. Triad Guar. Ins. Corp.</u>, 277 F.3d 1294, 1296 (11th Cir. 2002).

First, we are unpersuaded by the Law Office's argument that the district court abused its discretion by overruling an objection to prejudicial remarks by Danow's counsel during closing argument. "We are reluctant to set aside a jury verdict because of an argument made by counsel during closing arguments." <u>Vineyard v. County of Murray, Ga.</u>, 990 F.2d 1207, 1214 (11th Cir. 1993). "Statements made in oral arguments must be plainly unwarranted and clearly injurious to constitute reversible error." <u>Peterson v. Willie</u>, 81 F.3d 1033, 1036 (11th Cir. 1996). In making this determination, we look to "the entire argument,

3

the context of the remarks, the objection raised, and the curative instruction to determine whether the remarks were such as to impair gravely the calm and dispassionate consideration of the case by the jury." Allstate, 845 F.2d at 318-19 (quotations omitted).

At issue during the trial was Danow's claim that the Law Office violated the FDCPA by contacting him at an inconvenient location after he sent the Law Office a cease communications letter. 15 U.S.C. § 1692c(a)(1). In its defense, the Law Office argued that: (1) Danow's letter had not properly put the firm on notice that he did not want to be telephoned at home; (2) the calls did not violate the statute because they were intended to "notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor," id. § 1692c(c)(2); and (3) the Law Office alternatively satisfied the "bona fide error" defense, which requires proof "by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Id. § 1692k(c).

In lodging its "bona fide error" defense, the Law Office put forth its owner, David Borack, to testify that the firm maintains detailed policies and procedures pertaining to a standard collection software, which enables the firm to place a

4

"cease and desist" code on an account and is designed to prevent calls from being made to consumers who request contact by mail only. Borack further said that all the firm's callers are extensively trained regarding these policies and procedures, and are taught how to use the Law Office's computerized account notes to document cease and desist correspondence. Borack explained that in Danow's circumstance, however, the firm had failed to document the correspondence as "cease and desist" as demonstrated by the computerized account records. The firm also produced the computerized telephone logs generated by the software. During Borack's cross-examination, Danow's counsel asked whether the Law Office's computerized account notes could be tampered with "to say something now that isn't what it said before," and Borack unequivocally said no, explaining that "[t]his software is designed for data integrity. You cannot backdate, you cannot delete, you cannot add. It time-stamps as you do it . . . You can't phony this record."

During closing argument, the Law Office's counsel maintained that it had established the bona fide error defense, based at least in part on the software system and computer records. In rebuttal, Danow's lawyer attempted to cast doubt on the relevance and reliability of the computer records on which the firm relied:

> [DANOW'S LAWYER]: These things are suspicious, these records. Look at those records you've got that says diary deleted, diary deleted, diary deleted. What are they deleting? What does all this mean? You know, these computer records, you see television, you see newscasts, they can be

manipulated. Computer records can be changed. That's how they steal money out of banks and things, with computer records that are manipulated. They can be manipulated. These guys have testified about what happened to them. They don't have computer records. They have a tape recording. It's really hard to hear.

[THE LAW OFFICE'S LAWYER]: Objection, there's been no evidence showing that these documents have been manipulated.

THE COURT: Overruled. This is an argument. But we're about one minute from finishing.

The Law Office now appeals this ruling of the district court, on the ground that the remarks of Danow's counsel were prejudicial and improper.

Viewing the record as a whole, we cannot say that the admission of these remarks constituted "plainly unwarranted and clearly injurious" error. As an initial matter, these comments were insignificant in light of the evidence presented. Indeed, Danow's attorney clearly was not referring to the Law Office's conduct in these comments, but simply questioning the reliability of computer records in general. In addition, there was ample evidence in the record for the jury to have found for Danow -- including the letter Danow sent to the Law Office, which requested that he only be contacted by mail, the subsequent recorded answering machine messages the Law Office's employees left for Danow, and the failure of the Law Office's logs to document the substance of Danow's letter or one of the

calls a Law Office employee made to Danow's answering machine -- regardless of the comments his counsel made during closing argument.

Moreover, after overruling the objection by the Law Office's counsel to the comments by Danow's counsel, the trial judge said that the comments were simply "argument," and urged counsel to move on with his argument. Shortly thereafter, in the beginning of the jury instructions, the court instructed the jury that the lawyer's arguments are not evidence and should not be factored into the jury's deliberations. See Lanham, 805 F.2d at 972 ("Because of these curative instructions, there was no abuse of discretion by the trial court in denying a motion for a new trial.").[1] This occurred even though the Law Office failed to request a curative instruction from the trial judge. On this record, and given our "reluctan[ce] to set aside a jury verdict" based on comments made in closing argument, Vineyard, 990 F.2d at 1214, we cannot conclude that the district court abused its discretion in overruling the objection to the remarks by Danow's attorney. Accordingly, the district court did not abuse its discretion by denying the

_____

[1] For this reason, the Law Office's reliance on Allstate -- where the trial court offered no curative instruction whatsoever -- is misplaced. We likewise find no merit in the Law Office's reliance on nonbinding state court decisions and unpublished opinions. See Allstate, 845 F.2d at 318 ("The power to set aside a jury verdict for misconduct of counsel is a procedural question that is governed by federal law."); see also Bravo v. United States, 532 F.3d 1154, 1164 n.5 (11th Cir. 2008) (unpublished opinions are not binding precedent).

Law Office's motion for a new trial nor erroneously deny its motion for JNOV on this same ground.[2]

We also reject the Law Office's claim that the district court erred by denying the Law Office's pre-trial motion for summary judgment. Under our clear case law, we "will not review the pretrial denial of a motion for summary judgment after a full trial and judgment on the merits." Lind v. United Parcel Service, Inc., 254 F.3d 1281, 1286 (11th Cir. 2001). Because a full trial and judgment on the merits occurred here subsequent to the Law Office's motion for summary judgment, we will not review this claim.

Accordingly, we affirm.

**AFFIRMED.**

---

[2] To the extent the Law Office is challenging the district court's denial of the motion for JNOV on a different ground -- that it put forth overwhelming evidence of its bona fide error defense -- we are also unpersuaded. As the record shows, the firm did introduce evidence that it trains its callers in the FDCPA and that supervisors monitor the calls made when an employee actually talks to a debtor. Notably, however, the Law Office did not produce any written procedures concerning how it processes letters from consumers, how it determines whether to place a "cease and desist" on an account, or if anyone reviews the employees' actions to determine whether a letter has been properly processed. Borack also acknowledged on cross-examination that the firm never receives an itemized list of its outbound calls from the telephone company, and never compares its internal telephone logs with telephone-company records to "make sure that your employees are not making phone calls that you don't know about." Finally, Borack acknowledged that when the firm's employees call consumers and leave tape-recorded messages, the firm does not record or monitor those calls. Based on this record, there was "substantial evidence opposed to the motion such that reasonable people, in the exercise of impartial judgment, might reach differing conclusions," and the district court did not err in denying the motion. Carter, 870 F.2d at 581.