[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10631
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00867-CV-T-30EAJ

FRANK SCOTT ZAKEN,

Plaintiff-Appellant,

versus

WILL KELLEY,
in his personal capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 1, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Frank Scott Zaken, an incarcerated inmate proceeding pro se, appeals the

jury verdict in favor of Deputy Sheriff Will Kelley on his excessive force claim

under 42 U.S.C. § 1983. Zaken's complaint alleged that Kelley used excessive force during his arrest for stealing a purse from Donna Hovanec by striking him in the head with a gun. On appeal, Zaken argues that: (1) Kelley violated discovery rules by failing to produce certain of Zaken's requests; (2) the district court abused its discretion by excluding evidence and granting Kelley's untimely motion in limine; (3) the district court abused its discretion in permitting Kelley to wear his police uniform during the trial; (4) the district court abused its discretion by refusing to appoint counsel for Zaken; and (5) the jury decided the case incorrectly based on the evidence.[1] After careful review, we affirm.

We review the denial of a motion to compel discovery for abuse of discretion. Holloman v. Mail-Well Corp., 443 F.3d 832, 837 (11th Cir. 2006). Discovery rulings should not be overturned "unless it is shown that [they] resulted in substantial harm to the appellant's case." Iraola & CIA, S.A. v. Kimberly-Clark Corp., 325 F.3d 1274, 1286 (11th Cir. 2003) (quotations omitted). We also review a district court's decision to grant or deny a motion in limine for abuse of

---

[1] Zaken also argues that: (1) he was "surprised" when Kelley called Zaken's victim, Donna Hovanec, to testify, since Hovanec did not see the incident that led to the excessive force claim; and (2) Kelley failed to timely file his pretrial statement. However, Zaken did not object to the relevancy of Hovanec's testimony before the district court, and did not inform the district court at trial that Kelley had not met with him or that he needed more time to prepare for trial due to the late filing of Kelley's pretrial statement. Therefore, we decline to consider these issues on appeal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (holding that we generally will not consider an issue not raised in the district court).

2

discretion.  Cabello v. Fernandez-Larios, 402 F.3d 1148, 1161 (11th Cir. 2005). Similarly, we review a district court's evidentiary rulings for abuse of discretion, and will reverse only if the movant establishes that the ruling resulted in substantial prejudice.  Conroy v. Abraham Chevrolet-Tampa, Inc., 375 F.3d 1228, 1232 (11th Cir. 2004).  In applying the standard, we will affirm "unless the district court has made a clear error of judgment or has applied an incorrect legal standard."  Id. (quotations omitted).  We also review a district court's denial of a motion to appoint counsel for abuse of discretion.  Bass v. Perrin, 170 F.3d 1312, 1319 (11th Cir. 1999).

Finally, "[t]he sufficiency of the evidence supporting a jury verdict is not reviewable on appeal . . . unless a motion for directed verdict was made at the close of all the evidence."  Wilson v. Attaway, 757 F.2d 1227, 1237 (11th Cir. 1985). "In the absence of such motion, our inquiry is limited to whether there was any evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was noted which, if not noticed, would result in a manifest miscarriage of justice." Id. (quotations omitted).

First, we are not persuaded that the district court abused its discretion by failing to find that Kelley violated the discovery rules.  For starters, Zaken's allegations that Kelley violated the discovery rules by failing to produce either his

3

booking photograph or jail dental records were not raised in the district court, and we therefore decline to consider these issues on appeal. See Access Now, Inc., 385 F.3d at 1331. As for the alleged 26 color photographs Kelley failed to produce, Zaken likely did not raise this claim in the district court, but we will liberally construe his motion to compel the production of the digital camera and memory card that contained photographs of his injuries to conclude that Zaken was requesting more clear photographs of his injuries. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.") (quotation omitted). However, his claim still lacks merit. During trial, Zaken described that it took 21 stitches to close his wound, which extended from his nose to his upper lip, and one of his front teeth was knocked out. Moreover, his booking photograph, which also would have shown his injuries, was introduced into evidence in addition to the 24 black and white photographs. Thus, the failure of Zaken to receive color as opposed to black and white photographs during discovery did not result in substantial harm to his case because the jury understood the severity of the injuries. Iraola, 325 F.3d at 1286.

We also reject Zaken's claim that the district court abused its discretion by excluding evidence. Federal Rule of Evidence 404(b) provides:

4

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . .

Overall, a two-part test governs the admissibility of Rule 404(b) evidence. Lanham v. Whitfield, 805 F.2d 970, 972 (11th Cir. 1986). Under this test, it first must be determined whether evidence of other acts "is relevant to an issue other than the defendant's character." Id. (quotation omitted). If so, "the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [Fed.R.Evid. 403]." Id. (quotation omitted).

Here, the district court did not abuse its discretion in excluding evidence of Kelley's alleged use of force against others. Zaken has not shown how the alleged similar facts of excessive force used by Kelley in prior incidents would be relevant to his cause of action except to show Kelley's bad character or propensity to use excessive force. Id. Further, while the district court acknowledged that the motion in limine was untimely, it also correctly acknowledged that Kelley could have raised the Rule 404(b) objection during trial if Zaken had attempted to introduce evidence of Kelley's prior use of excessive force. See Fed.R.Evid. 103(a)(1) (providing for contemporaneous objections during trial).

5

We likewise reject Zaken's argument that the district court abused its discretion in permitting Kelley to wear his police uniform during the trial. "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). In Doe v. Celebrity Cruises, Inc., 394 F.3d 891, 918 n.33 (11th Cir. 2004), we held that the district court did not abuse its discretion in allowing the plaintiff to wear her military uniform during trial.

The district court did not abuse its discretion by permitting Kelley to attend the trial in his police uniform. This situation is somewhat analogous to the one in Doe, where we found no abuse of discretion in the plaintiff wearing a military uniform. Id. Moreover, Zaken cannot show substantial prejudice because Kelley's employment as a police officer was an essential element that Zaken had to prove to succeed on his § 1983 claim. Graham, 473 U.S. at 165. Therefore, the jury would have been aware that Kelley was a police officer even if the district court had not permitted him to wear his police uniform.

Next, we disagree with Zaken's claim that the district court abused its discretion by refusing to appoint counsel for Zaken who argued that his access to legal research was minimal and the case was complex. A plaintiff has no constitutional right to appointed counsel in a civil case. Bass, 170 F.3d at 1320.

6

Under 28 U.S.C. § 1915(e)(1), a court may appoint counsel for indigent plaintiffs, but only in exceptional circumstances. Id. These include cases featuring novel or complex facts or legal issues that require the assistance of a trained practitioner. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). It is not dispositive that a plaintiff "would have been helped by the assistance of a lawyer"; rather, counsel only may be appointed in exceptional circumstances. Bass, 170 F.3d at 1320.

Zaken fails to establish any exceptional circumstances. It may be true that his case would have been helped by lawyer assistance, but his case was not so unusual, novel, or complex to find that the district court abused its discretion in denying his request. Id.; Dean, 951 F.2d at 1216.

Finally, we find no merit in Zaken's argument that the jury decided the case incorrectly since one had to "wonder" whether Kelley had the "right or reason" to use such a high degree of force in arresting him. Under § 1983, a person may obtain relief if he was deprived of a constitutional right by an individual acting under the color of state law. Lowe v. Aldridge, 958 F.2d 1565, 1569 (11th Cir. 1992). "The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." Lee v. Ferraro, 284 F.3d 1188, 1197 (11th Cir. 2002). A court should consider several factors in evaluating an excessive force claim,

including: "(1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted." Draper v. Reynolds, 369 F.3d 1270, 1277-78 (11th Cir. 2004) (footnote and citation omitted). The ultimate issue "is whether the officer's actions are objectively reasonable in light of the facts confronting the officer, regardless of the officer's underlying intent or motivation." St. George v. Pinellas County, 285 F.3d 1334, 1337 (11th Cir. 2002).

Because Zaken did not move for a directed verdict at the close of all the evidence, we limit our inquiry to whether any evidence supports the jury's verdict. Wilson, 757 F.2d at 1237. As the record shows, evidence supported the jury's verdict because Kelley's actions were objectively reasonable. St. George, 285 F.3d at 1337. Some factors point toward a finding that Kelley applied excessive force, including that: (1) purse snatching is a relatively minor crime; and (2) Zaken's injury, which required 21 stitches, was severe. Draper, 369 F.3d at 1277-78. However, evidence existed to support the jury's conclusion that Kelley did not deprive Zaken of his constitutional rights by employing excessive force during the arrest. Wilson, 757 F.2d at 1237. The trial testimony establishes that when Kelley ordered Zaken to stop running and get on the ground, Zaken failed to comply, and Kelley decided to use physical force to stop Zaken. Kelley chose to hit Zaken with

8

his gun to avoid any harm to the public or himself. Kelley's actions were objectively reasonable under the above circumstances because Zaken had committed a crime, may have posed a danger to the public, and could have been armed. St. George, 285 F.3d at 1337. In short, evidence existed to support the jury's conclusion that Kelley did not deprive Zaken of his constitutional rights by employing excessive force during his arrest. Accordingly, we affirm.

**AFFIRMED.**