[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11, 2010
JOHN LEY
CLERK

No. 09-13969
Non-Argument Calendar

_____

D. C. Docket No. 07-00841-CV-ORL-22-GJK

THOMAS B. LUKA,

Plaintiff-Appellant,

versus

THE CITY OF ORLANDO,
a Municipal corporation,
ANTHONY MILLER,
in his Individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 11, 2010)

Before BLACK, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Thomas B. Luka, an attorney proceeding *pro se*, appeals a jury verdict denying him relief in his civil rights action against the City of Orlando ("the City") and Orlando Police Department ("OPD") Officer Anthony Miller, brought pursuant to 42 U.S.C. § 1983. The suit alleged, *inter alia*, that Miller violated Luka's constitutional rights by subjecting him to an unconstitutional search and seizure, using excessive force, and wrongfully arresting him outside a bar. Luka raises two evidentiary issues on appeal, arguing that the district court erred in admitting the testimony of four witnesses concerning the events leading up to Luka's arrest and in excluding evidence of previous incidents in which Officer Miller used force while making an arrest. Finding no error in the district court's judgment, we affirm.

## I.

First, Luka argues that the district court erred in allowing Miller to present the testimony of four witnesses who testified as to his alleged conduct before Miller arrested him. In particular, Luka contends that the witnesses' testimony was irrelevant and inadmissible under Fed. R. Evid. 401. In this respect, Luka asserts that the testimony had no bearing on any fact of consequence because the only issues at trial were whether Miller had probable cause to arrest Luka and whether

2

Miller used excessive force. Accordingly, Luka asserts that because Miller could only arrest Luka for conduct that he observed personally, and Miller testified that he was unaware of Luka's behavior before he arrived, the witnesses' testimony regarding events that allegedly occurred before Miller arrived was irrelevant. Moreover, Luka claims that the district court erred in finding that he opened the door to such evidence because he asserts that he did not elicit any of these facts from Miller. In the alternative, Luka argues that even assuming the witnesses' testimony was relevant, the evidence was inadmissible under Fed. R. Evid. 403 because the probative value of the testimony was substantially outweighed by the danger of unfair prejudice.

"In deference to a district court's familiarity with the details of the case and its greater experience in evidentiary matters, courts of appeals afford broad discretion to a district court's evidentiary rulings." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384, 128 S. Ct. 1140, 1144-45, 170 L. Ed. 2d 1 (2008). Accordingly, we review a district court's evidentiary rulings for a clear abuse of discretion. *United States v. Tinoco*, 304 F.3d 1088, 1119 (11th Cir. 2002).

Federal Rule of Evidence 402 states that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any

3

fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Rule of Evidence 403, however, provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403. We have stated that Rule 403 should be used to exclude evidence "very sparingly." *Wilson v. Attaway*, 757 F.2d 1227, 1242 (11th Cir. 1985) (internal quotation marks omitted). Consequently, in "reviewing issues under Rule 403, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its prejudicial impact." *United States v. Brown*, 441 F.3d 1330, 1362 (11th Cir. 2006).

The district court did not abuse its discretion in allowing testimony relating to Luka's conduct leading up to his arrest. The witnesses' testimony was relevant under Fed. R. Evid. 401 and did not run afoul of Fed. R. Evid. 403 because the danger of unfair prejudice did not substantially outweigh the evidence's probative value. The evidence was relevant because the testimony concerning Luka's actions in the time immediately prior to the encounter tended to corroborate Miller's account that he approached Luka because he was being disruptive and contradict Luka's testimony that he was standing peacefully in front of Casey's and accidentally touched Miller. Given that the parties' accounts of their encounter

4

differed widely, evidence tending to corroborate one account and contradict another was particularly relevant. Although the testimony was certainly prejudicial to Luka's case in that it contradicted his account of the events in question, that type of prejudice is not unfair. Still, the evidence may have invited some risk of unfair prejudice by portraying Luka as disruptive and boorish and allowing the jury to decide the case on that basis. But even assuming some risk of unfair prejudice, the district court did not abuse its discretion in deciding that the probative value of the evidence was not substantially outweighed by any risk of unfair prejudice.

## II.

Luka next argues that the district court erred by excluding "evidence of Officer Miller's pattern and practice of using excessive force." In particular, Luka states that he intended to introduce evidence that 68 complaints of excessive force were allegedly filed against Miller in his four years as an OPD officer. Luka claims that because this evidence establishes a "pattern and practice" of use of excessive force, the very issue he is raising, it is relevant, non-prejudicial evidence.

Federal Rule of Evidence 404(b) provides as follows:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

5

Fed. R. Evid. 404(b).  Overall, a two-part test governs the admissibility of Rule 404(b) evidence.  *Lanham v. Whitfield*, 805 F.2d 970, 972 (11th Cir. 1986).  Under this test, it must first be determined whether evidence of other acts "is relevant to an issue other than the defendant's character."  *Id.* (internal quotation marks omitted).  Second, if the evidence is relevant to an issue other than a defendant's character, "the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403."  *Id.* (internal quotation marks omitted).

The district court did not abuse its discretion in excluding this evidence.  Evidence of a pattern or practice of excessive force may have been relevant in establishing liability against the City, but summary judgment was granted in favor of the City in advance of trial.  Without the City still in the case, the admission of this evidence fails at the first step because Luka sought to establish liability on the part of Miller by introducing this evidence to prove Miller characteristically engaged in the use of excessive force and acted in conformity with that characteristic in this case.  This is precisely the inference that Rule 404(b) will not allow.  Because Luka was attempting to introduce propensity evidence in violation of Fed.R.Evid. 404(b), the district court did not abuse its discretion in excluding evidence of Miller using force in the past.

6

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**[1]

---

[1]     Appellant's motion for leave to file the reply brief out of time is GRANTED. Parties' requests for oral argument are DENIED.