[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13526
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-20638-FAM


CARLA HILGER,

Plaintiff - Appellant,

versus

JENNY VELAZQUEZ,
individually,
MELISSA FLYNN,
individually,
CITY OF MIAMI BEACH,

Defendants - Appellees,

RABIH EL-JOURDI, individually,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 22, 2015)

Before MARTIN, ANDERSON, and EDMONDSON, Circuit Judges.


PER CURIAM:


In this 42 U.S.C. § 1983 civil action, Carla Hilger appeals from (1) the final judgments entered by the district court in favor of Defendants Jenny Velazquez, Melissa Flynn, and City of Miami Beach following a jury trial; and (2) the district court's denial of Hilger's motion for a new trial based on defense counsel's comments during closing argument.  No reversible error has been shown; we affirm.

This case arose out of Hilger's arrest for driving under the influence, resisting arrest with and without violence, and for eluding a police officer.  Hilger filed this civil action against Defendants, asserting claims for excessive force in violation of section 1983 and for battery under Florida law.  Following a three-day trial, the jury returned a verdict in favor of Defendants on all counts; and the district court entered final judgment against Hilger.

At trial, the district court overruled Hilger's objections to defense counsel's closing argument and denied Hilger's motion for a mistrial.  After final judgment was entered, Hilger moved for a new trial, contending that she was denied a fair

and impartial trial based on improper comments made during defense counsel's closing argument.  The district court denied the motion.  This appeal followed.

We review for abuse of discretion both the denial of a motion for a mistrial and the denial of a motion for a new trial.  United States v. Mathis, 767 F.3d 1264, 1281 (11th Cir. 2014); Lanham v. Whitfield, 805 F.2d 970, 971-72 (11th Cir. 1986).

District courts have considerable discretion to control the scope and tone of counsels' closing arguments.  Goldsmith v. Bagby Elevator Co., 513 F.3d 1261, 1282 (11th Cir. 2008); Allstate Ins. Co. v. James, 845 F.2d 315, 318 (11th Cir. 1988).  Generally speaking, we are reluctant to set aside a jury verdict based on comments made in closing argument.  See Allstate Ins. Co., 845 F.2d at 318. Thus, "absent an abuse of discretion, the decision of the trial court, which has had the opportunity to hear the offensive remarks within the context of the argument and to view their effect on the jury, should not be disturbed."  Id.  In determining whether to set aside a jury verdict, we "look to the entire [closing] argument, the context of the remarks, the objection raised, and the curative instruction to determine whether the remarks were 'such as to impair gravely the calm and dispassionate consideration of the case by the jury.'"  Id.  We will not reverse a judgment unless the challenged closing argument was "plainly unwarranted and clearly injurious."  Goldsmith, 513 F.3d at 1282.

Hilger objects to several comments made during defense counsel's closing argument, including comments (1) that Hilger was "coached" by her lawyer and followed a "script;" (2) that Hilger was an alcoholic and drug addict; (3) that, on the day of her arrest, Hilger had acted irresponsibly and had endangered the lives of citizens of Miami-Dade County; and (4) that Defendant officers had children.[*]

Viewing the record as a whole, defense counsel's closing argument constituted no "plainly unwarranted and clearly injurious" error. First, defense counsel's comments were both supported by evidence in the record and (except for the comment about Defendants' children) were pertinent to establishing Hilger's lack of credibility. See BankAtlantic v. Blythe Eastman Paine Webber, Inc., 955 F.2d 1467, 1474 (11th Cir. 1992) (affirming denial of a new trial in part because the offending remarks were based on record evidence that was relevant to the case).

Extensive evidence was presented at trial about Hilger's history of alcoholism and drug abuse, about Hilger's continuing denial of her substance-abuse issues, and about Hilger's unsuccessful attempts at rehabilitation. The record also established clearly that, on the day of Hilger's arrest, Hilger's blood-alcohol level was more than three times the legal limit, and that she was driving erratically, nearly hit at least one officer, and refused repeated instructions to pull

---

[*] Both Defendant officers testified, without objection, that they had children.

over.  Hilger also changed dramatically her version of the facts: first reporting that her bruises resulted from her "resisting arrest," but later reporting that Defendants -- without reason -- grabbed her, banged her head against the wall five times, and kicked her while she was in custody.

Moreover, the district court judge instructed the jury, both before closing arguments and during the jury charge, that statements by lawyers are not evidence. The district court also instructed the jury to base its decision only on the evidence presented and to be uninfluenced by feelings of sympathy for either party.  We presume that jurors follow the court's instructions.  United States v. Hill, 643 F.3d 807, 829 (11th Cir. 2011).

On this record -- particularly where defense counsel's comments were based on evidence in the record and where the district court issued curative instructions -- and given our reluctance to set aside jury verdicts based on comments made in closing argument, we conclude that the district court abused no discretion in denying Hilger's motion for a mistrial.  For the same reasons (and given that Hilger's lawyer vigorously opposed by counter-argument defense counsel's alleged improper comments and characterization of the case), Hilger has also failed to show that defense counsel's comments "impaired gravely the calm and dispassionate consideration of the case by the jury."  No new trial was required.

AFFIRMED.

5