[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14280
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00148-HLM


NICHOLAS BROWN,

Plaintiff-Appellant,

versus

OFFICER JOSEPH DAVIS,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 7, 2016)

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Nicholas Brown, a prisoner proceeding *pro se*, appeals a dismissal of a defendant for lack of service, a jury verdict for a defendant, and a judgment as a matter of law in favor of a defendant in his 42 U.S.C. § 1983 claims of use of excessive force and failure to intervene against prison employees John Lyons, Joseph Davis, and Steven Stone, respectively.  On appeal, Brown argues that dismissing Lyons for lack of service was improper.  He also argues that evidence about officers delaying his medical attention and evidence about a previous use of force by other officers, not the defendants, should not have been excluded from the trial.[1]

We review a district court's evidentiary rulings for abuse of discretion. *General Elec. Co. v. Joiner*, 522 U.S. 136, 141, 118 S. Ct. 512, 517, 139 L.Ed.2d 508 (1997).  We also review a district court's dismissal for lack of service under Federal Rule of Civil Procedure Rule 4(m) for abuse of discretion.  *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1286 (11th Cir. 2009).  A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous.  *Brown v. Ala. Dept. of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010).

---

[1]     Brown's Motion for Appointment of Counsel is DENIED.

I.

Fed. R. Civ. P. 4(m) provides that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Litigants should be entitled to rely on the court officers and United States Marshals to effect proper service when the Marshals Service was ordered to perfect service and where such failure is not due to a fault on the litigant's part. *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). In *Fowler*, we held that an *in forma pauperis* prisoner was entitled to a continuance of the trial in his *pro se* civil rights action so that service could be completed because the prisoner had a reasonable belief that the defendants had been served. *Id*. at 1096. We distinguished a scenario where a prisoner had provided an incorrect address for the defendant and did not attempt to remedy the service. *Id*. at 1095. In that case, dismissal for lack of service would be proper. *Id*.

Brown does not show that the court erred in dismissing Lyons for lack of service. The United States Marshals Service was unable to serve Lyons because he no longer resided at the address provided by Brown. However, Brown did not remedy the service or ask for a continuance to do so. Brown was on notice that

3

Lyons had not been served almost three years before the trial and about one month after service on Lyons failed.  Accordingly, we affirm the dismissal of Lyons from the suit.

## II.

Federal Rule of Evidence 401 states that evidence is relevant if it has any tendency to make a fact more or less probable, and that fact is of consequence in determining the action.  Rule 402 states that irrelevant evidence is not admissible.  Even if the evidence is relevant, the court may exclude it if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.  Fed. R. Evid. 403.  Testimony intended to merely bolster a party's case is more easily excluded under Fed. R. Evid. 403 than testimony that forms a critical part of the case.  *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014).  As evidence becomes more essential to proving the party's claim, its probative value becomes greater.  *Id*.

The delay in Brown's medical attention does not make the facts of the instant case more or less probable under Rule 401.  *Aycock,* 769 F.3d at 1069.  Evidence about the delay in medical attention was not essential to proving that Davis had used excessive force against Brown or that Stone failed to intervene during the use of excessive force.  *Id*.  Additionally, this evidence is inadmissible

4

under Fed. R. Evid. 403 because of the risk of undue prejudice to Davis and Stone, the risk of confusing the issues, and the risk of misleading the jury. Accordingly, we affirm the exclusion of this evidence.

III.

Fed. R. Evid. 404(b) provides that:

Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

A two-part test governs the admissibility of Rule 404(b) evidence. *Lanham v. Whitfield*, 805 F.2d 970, 972 (11th Cir. 1986). Under this test, a court must first determine whether evidence of other acts is relevant to an issue other than the defendant's character. *Id.* Second, if the evidence is relevant to an issue other than a defendant's character, the evidence must comport with Fed. R. Evid. 403. It must possess probative value that is not substantially outweighed by its undue prejudice, and must not confuse the issue, mislead the jury, or waste time. *Id.* Similar acts are relevant only if the jury can conclude that the act did occur and the defendant or defendants were the actor or actors. *Huddleston v. United States*, 485 U.S. 681, 689, 108 S. Ct. 1496, 1501, 99 L. Ed. 2d 771 (1988).

Brown attempted to assert that, because other officers in the prison allegedly used excessive force, Davis and Stone used excessive force in this instance. This

5

use of evidence is barred because evidence of prior acts by other people is generally inadmissible to show a defendant's or defendants' actions in conformity with those prior acts. Fed. R. Evid. 404(b). Even if the court deemed the evidence relevant under the first prong in *Lanham*, the evidence would be excluded under the second prong. 805 F.2d at 972. There would be considerable prejudice to Davis and Stone if the jury were allowed to hear evidence of previous acts by other officers where Davis and Stone were not the actors and where it was not alleged that they were present during the previous acts by other officers. *Huddleston*, 485 U.S. at 689, 108 S. Ct. at 1501. Accordingly, we affirm the exclusion of this evidence.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**